| | |
|---|---|
| MOMENTUM III LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-01113 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| DIXON MANAGEMENT GROUP, LLC, ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant Dixon Management Group, LLC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. No. 21). Plaintiff filed a response in opposition (Doc. No. 25), and Defendant filed a reply (Doc. No. 28). Plaintiff moves to strike section III of Defendant's reply brief on grounds that it raises a new argument. (Doc. No. 29). For the reasons stated herein, the motion will be DENIED WITHOUT PREJUDICE and this case will be STAYED and ADMINISTRATIVELY CLOSED pending the outcome of the state litigation. Defendant's motion to strike (Doc. No. 29) will be DENIED as MOOT.

### I.  BACKGROUND

This action concerns real property located at 1101 Glenoaks Road, Shelbyville, Tennessee (the "Property"), which was a nursing home facility. (First Am. Compl., Doc. No. 16 ¶ 8 (hereinafter "FAC ¶ __")). As reflected in a deed of trust recorded in Bedford County's Register of Deeds, Sterling National Bank encumbered the Property as security for a debt in the amount of $18,000,000.00. (*Id.* ¶¶ 9, 10). After Sterling National Bank merged with Webster Bank, National Association on February 1, 2022, Webster Bank became the mortgagee.

On April 6, 2023, Dixon Management Group, LLC ("Dixon") recorded a Notice of Lien Claim for "at least $344,280.11" in Bedford County's Register of Deeds, based on the value of "ServPro services" Dixon provided to the Property. (*Id*. ¶¶ 19, 21). On April 17, 2023, Dixon filed a verified complaint in the Chancery Court for Bedford County, Tennessee, against Glen Oaks SNF Realty, LLC, seeking to enforce the lien. (*Id*. ¶ 22). On May 2, 2023, Dixon amended the state court complaint to name Webster Financial Corporation as a defendant. (*Id*. ¶ 23). Momentum claims Webster Financial Corporation is a distinct and separate entity from the mortgagee Webster Bank. (*Id*. ¶ 23, n. 5, ¶¶ 24-31).

On June 23, 2023, the state court entered default judgment against defendants Glen Oaks SNF Realty, LLC, and Webster Financial Corporation f/k/a Sterling National Bank. (*See* Doc. No. 16-8). The state court judgment ordered that "Plaintiff's liens are valid, shall have priority over any interest of Defendant Webster Financial Corporation f/k/a Sterling National Bank, and that the Property may, upon further and proper application by Plaintiff, be sold on such terms as the Court may then find equitable … and that the proceeds of such sale be applied to the satisfaction of this degree[.]" (*Id*.). Dixon recorded a Notice of Judgment Lien in Bedford County's Register of Deeds on August 2, 2023. (FAC ¶ 33; Doc. No. 16-8). The Notice of Judgment Lien stated that notice was provided to Webster Financial Corporation, but did not identify Webster Bank. (FAC ¶ 35).

On May 21, 2024, Webster Bank assigned the Deed of Trust to Momentum by executing an Assignment of Mortgage that it recorded in Bedford County's Register of Deeds on May 24, 2024. (FAC ¶ 35; Doc. No. 16-9). On August 27, 2024, Momentum began the process of foreclosing on the Deed of Trust. (FAC ¶ 38). Shortly thereafter, on September 3, 2024, Dixon's attorney sent Momentum's counsel a letter regarding the state court action and judgment. (*Id*. ¶¶ 39, 40). On September 12, 2024, Momentum moved to intervene in the state court action as

2

successor in interest to Webster Bank. (*Id*. ¶ 44). On September 17, 2024, the state court issued an oral ruling denying the motion to intervene holding that Momentum "does not have a right to intervene" and "is not a real party in interest and cannot challenge the Judgment or the Sheriff's sale." (*Id*. ¶ 46). Two days later, on September 19, 2024, Momentum purchased the Property at the foreclosure sale and recorded a Substitute Trustee's Deed. (*Id*. ¶ 41, 60-64; Doc. No. 16-11). On September 27, 2024, the state court issued a written order denying Momentum's motion to intervene and finding, among other things, that "Momentum had record notice of the Judgment, which included a directive to sell the Property, at the time it received and recorded the Assignment, and does not have a right to intervene at this juncture," and "Momentum is not a real party in interest and cannot challenge the Judgment or the Sheriff's Sale." *See* Order denying motion to intervene, *Dixon Mgmt. Grp. LLC v. Glen Oaks SNF Realty, LLC*, Case No. 34428, Chancery Court for Bedford County, Tenn. (Sept. 27, 2024) (filed in this case at Doc. No. 21-4).

While the motion to intervene in the state court action was pending, Momentum initiated this lawsuit. (*See* Compl., Doc. No. 1 (filed September 14, 2024), *amended* Oct. 9, 2024, Doc. No. 16)). After Dixon moved to dismiss this federal action (*see* Doc. No. 21 (filed October 21, 2024)), Momentum filed a notice of appeal of the order denying its motion to intervene. *See Dixon Management Group, LLC v. Glen Oaks SNF Realty, LLC*, Case No. M2024-01631-COA-R3-CV (Tenn. Ct. App. Oct. 25, 2024) (filed in this case at Doc. No. 26-1). The appeal remains pending.

In this case, Momentum claims it has a first priority lien because Dixon did not provide statutory notice of its lien to Webster Bank, and did not affect its first priority lien because Webster Bank was not a party to that case and Momentum was not named or notified of post-judgment proceedings. (*Id*. ¶¶ 51-57). Momentum also claims the state court judgment is void because Webster Financial Corporation was not properly served. (*Id*. ¶ 59). In the alternative, Momentum

3

Case 3:24-cv-01113    Document 39    Filed 09/24/25    Page 3 of 10 PageID #: 648

claims it is a bona fide purchaser for value because it purchased the Property at the foreclosure sale and the foreclosure sale extinguished Dixon's judgment lien. (*Id*. ¶¶ 60-65).

Momentum brings claims against Dixon seeking certification of this suit and notice of lis pendens (Count One), judgment "quieting title to the Property in favor of Momentum, declaring that Momentum owns the Property in fee simple absolute and divesting all right, title, and interest in the Property from Dixon" (Count Two), and a declaratory judgment (Count Three) declaring:

a. Dixon failed to provide Webster Bank with requisite statutory notice pursuant to Tenn. Code Ann. § 66-11-108;

b. The Deed of Trust was a superior lien to the Judgment Lien and Notice of Lien Claim;

c. The Judgment Lien and Notice of Lien Claim no longer encumber the Property whatsoever following the foreclosure of the Deed of Trust in September 2024;

d. The judgment in the State Court Action is void ab initio based upon Dixon's failure to name the proper party holding an interest in the Deed of Trust and because it failed to affect proper service on the party it did name (Webster Financial Corporation);

e. Dixon is not entitled to conduct or complete a sheriff's sale;

f. Momentum was entitled to foreclose its lien with priority over Dixon; and

g. Momentum owns the Property in fee simple free and clear of any encumbrance by Dixon.

(*Id*. ¶ 76). The First Amended Complaint also brings claims against Dixon for slander of title related to the judgment lien and notices of sheriff sale (Counts Four through Seven), misrepresentation (Count Eight), abuse of process based on "unlawfully pursuing wrong parties with regular process and conducting a public sale" and then opposing Momentum's motion to intervene in the state court action (Count Nine), wrongful foreclosure based on Dixon's prosecution of the state court action and subsequent foreclosure proceedings, including the sheriff's sale, on the judgment lien (Count Ten), and negligence per se based on Dixon's failure to

comply with the statutory requirements for a mechanics lien and foreclosure proceedings on the judgment lien (Count Eleven).

Dixon moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). Dixon argues Momentum's claims should be dismissed because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because Momentum's claims are effectively an impermissible attempt to appeal a state court judgment, or that the Court must abstain in deference to the pending state court proceeding pursuant to the principles articulated in *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). In the alternative, Dixon argues Momentum's asserted claims must be dismissed for failure to state a claim.

## II.  STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *see also*, *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (explaining that courts "are 'bound to consider [a] 12(b)(1) motion first, since [a] Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction" (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d

879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church*, 847 F.3d at 816–17 (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id*. at 817 (quoting *Gentek Bldg. Prods., Inc*., 491 F.3d at 330). District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).

A challenge to subject-matter jurisdiction pursuant to *Rooker-Feldman* can be either a facial or factual attack. *See Tubbs v. Long*, Case No., 2022 WL 508895, at *4 (M.D. Tenn. Feb. 17, 2022). Although Defendant's motion to dismiss includes filings from the state court proceeding, such documents are public records which can be considered even when matters outside the pleadings are otherwise excluded, and the motion otherwise relies primarily on the pleadings. Therefore, the Court considers Defendant's motion as a facial challenge. Here, the Court has considered the documents attached to the First Amended Complaint and public records in the underlying state court action and appeal.

### III. ANALYSIS

#### A. *Rooker-Feldman*

Because subject-matter jurisdiction is a threshold question, the Court begins with *Rooker-Feldman*. *See generally*, *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes the Court from hearing

6

"cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This is because appellate review of final state-court judgments is vested solely in the United States Supreme Court. *Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024) (citing 28 U.S.C. § 1257). "So if a plaintiff tries to challenge a state-court judgment in federal district court, the federal court 'lack[s] subject-matter jurisdiction over such claims.'" *Id*. (citing *Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011)). Although these principles are relevant to this case, the *Rooker-Feldman* doctrine does not directly govern because it is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Crandall v. Newaygo Cty., Mich.*, No. 23-1653, 2024 WL 1924827, at * 2 (6th Cir. May 1, 2024) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)); *see also*, *Gottfried v. Medical Planning Svcs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (Rooker-Feldman does not "bar a suit in federal court brought by a party that was not a party in the preceding action in state court").

Although Momentum complains of injury caused by the state court decision and seeks review and rejection of that judgment, Momentum was not a party to the state court case. Therefore, *Rooker-Feldman* does not apply. The Court next proceeds to consider whether abstention is appropriate.

**B.** ***Colorado River***

In *Colorado River*, the Supreme Court recognized that "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous

exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River*, 424 U.S. at 817). Abstention in deference to a parallel state proceeding is at the discretion of the district court. *Id*. at 338. In considering whether to defer to concurrent jurisdiction of a state court, the district court must first determine whether the federal and state proceedings are, in fact, parallel. *Id*. at 339. The state court proceedings need not be identical, merely "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). There is also no requirement that the parties in the state court proceedings be identical to those in the federal case. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). To assess substantial similarity, we consider the parties involved, the underlying factual allegations, the claims asserted, and the requested relief. *Novak v. Federspiel*, No. 21-1722, 2022 WL 3046973, at * 2 (6th Cir. Aug. 2, 2022) (citing *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557 (6th Cir. 2013)). If "the parties are substantially similar," and "the claims raised in both suits are predicated on the same allegations as to the same material facts," the actions "will come close enough to count as parallel." *Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 393 (6th Cir. 2017) (quoting *Romine*, 160 F.3d at 340).

If the proceedings are parallel, the Court proceeds to consider a non-exhaustive list of "important factors," including the "danger of piecemeal litigation" – which was the paramount consideration in *Colorado River*. *Id*. at 340-341. The Supreme Court has identified eight factors a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court:

> (1) whether the state court has assumed jurisdiction over any res or property;
> (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation;...(4) the order in which jurisdiction was obtained[;]...(5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights;

(7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340–41 (collecting cases and factors). When considering these factors, the Court "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *PaineWebber, Inc*. v. Cohen, 276 F.3d 197, 207 (6th Cir. 2001) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Momentum moved to intervene in the state court case for the purpose of challenging the state court judgment based on the same facts underlying this federal action. But Momentum has not yet been permitted to intervene in the state court action and, therefore, is not a party to the state court action and has not asserted any claim in that case. Whether its appeal of the denial of its motion to intervene will be successful and, if so, what claims it will assert in that action remains to be seen. At this juncture, it does not appear that the state and federal action are parallel such that *Colorado River* abstention applies.

Although neither of these doctrines apply now, proceedings in state court will almost certainly impact the instant proceeding. For example, depending on the outcome of the state case, the claims for declaratory judgment, quiet title, and lis pendens, could become moot or otherwise subject to collateral estoppel or other preclusion doctrines. And regardless of the outcome of the state proceeding, if Momentum becomes a party to the state court action, the Court's analysis under *Rooker-Feldman* and *Colorado River* would change. The fact that these doctrines do not apply at this juncture, however, does not diminish the Court's inherent power to manage its docket and stay the resolution of the claims in this case until the state court's proceedings have come to a close. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) ("*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that

allow federal courts to stay or dismiss proceedings in deference to state-court actions."); *see also*, *Novak v. Federspiel*, No. 21-1722, 2022 WL 3046973, at *3 (6th Cir. Aug. 2, 2022) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931-32 (N.D. Ohio 2021)).

## IV. CONCLUSION

Under the circumstances, the Court finds it in the interest of judicial economy to stay this case pending the outcome of the state litigation. Accordingly, the motion to dismiss (Doc. No. 21) will be **DENIED WITHOUT PREJUDICE** and this case will be **ADMINISTRATIVELY CLOSED** pending the conclusion of the state court appeal.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE